UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
N.S., a minor by her father and natural
guardian, ALAN J. SASSON,

                              **COMPLAINT AND JURY DEMAND**

               Plaintiff,                 Civil Action No:

    -against-

RAZOR USA, LLC,

              Defendant.
------------------------------------------------------------------------X

    Plaintiff N.S. ("Plaintiff N.S."), a minor by her father and natural guardian, ALAN J. SASSON, resident of the State of New York, County of Kings, bring this complaint by and through her attorneys, THE LAW OFFICE OF ALAN J. SASSON, P.C., against Defendant RAZOR USA, LLC, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has original jurisdiction over this action because there is complete diversity between the parties under 28 U.S.C. §1332(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

3. Plaintiff N.S. is a minor individual residing in Brooklyn, New York.

4. Defendant RAZOR USA, LLC is a foreign limited liability company in the State of Delaware.

## **FIRST CAUSE OF ACTION**

5. At all times herein mentioned, the Defendant RAZOR USA, LLC, was engaged in the manufacturing, sale and design of products including but not limited to children kick scooters.

6. On or before May 24, 2015, Defendant Razor designed, manufactured, sold and distributed the scooter, which product was being utilized by N.S. at the time of the incident described herein causing said Plaintiff's severe and permanent injuries as is hereinafter set forth.

7. On May 24, 2015, Plaintiff N.S. was operating a kick scooter which had been designed and manufactured by Razor.

8. Defendant Razor had a duty to design, manufacture, supply distribute, warn, and sell products in a reasonably safe condition in accordance with its intended purpose.

9. Notwithstanding said duty, Defendant Razor, through its employees, servants, or agents: (a) placed an unreasonably dangerous product into the stream of commerce that was not safe for its intended use; (b) failed to provide adequate warnings of potential harm that can come from the use of its product; (c) failed to provide adequate warning labels detailing the harm caused by its product; and (d) Failed to provide adequate safety measures to reduce the potential for injury to any user.

10. On May 24, 2015, while Plaintiff N.S. was riding her Razor scooter, Plaintiff N.S. was caused to fall and sustain serious and permanent injuries as a result of the sharp edges of the metal foot platform.

11. Had the metal foot platform not been as sharp on its edges and corners, Plaintiff N.S.'s injuries would not have been as extensive.

12. Instead, Plaintiff N.S. had to undergo reconstructive surgery on her leg.

13. No negligence on the part of the Plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

14. As a direct and proximate result of one or more of the aforementioned unreasonably dangerous conditions which were present when Defendant Razor designed, manufactured, supplied, distributed and sold the scooter, Plaintiff N.S. did suffer serious injuries of a personal nature.

15. By reason of the foregoing, Plaintiff N.S. was caused to sustain serious injuries and to have suffered pain, shock and mental anguish; these injuries and their effects will be permanent; and as a result of the said injuries, Plaintiff N.S. has been caused to incur, and will continue to incur, expenses for medical care and attention.

16. As a result of the foregoing, Plaintiff N.S. was damaged in a sum which exceeds the jurisdictional limits of all other or lower courts which would otherwise have jurisdiction, but at least in excess of $75,000.00.

## **SECOND CAUSE OF ACTION**

17. Plaintiff N.S., adopts and incorporates by reference herein the allegations contained in Paragraphs 1 through 16 of this Complaint as if more fully set forth herein.

18. Razor designed, manufactured, distributed and sold the scooter that caused Plaintiff N.S.'s severe and permanent injury. At the time said scooter was

manufactured and sold by Defendant Razor said scooter was in an unreasonably dangerous condition when put to a reasonably anticipated use, and Plaintiff N.S. had no knowledge of the dangerous characteristics of the scooter.

19. Defendant Razor did not give an adequate warning of the danger with regard to the scooter, specifically, the sharp edges of the metal foot platform.

20. Plaintiff N.S. used the scooter in a manner which would be reasonably anticipated by Defendant Razor.

21. As a result of said scooter being manufactured and sold by Razor without an adequate warning, Plaintiff N.S. was damaged and injured in the ways previously set forth herein.

22. As a result of the foregoing, Plaintiff N.S. was damaged in a sum which exceeds the jurisdictional limits of all other or lower courts which would otherwise have jurisdiction, but at least in excess of $75,000.00.

### THIRD CAUSE OF ACTION

23. Plaintiff N.S., adopts and incorporates by reference herein the allegations contained in Paragraphs 1 through 22 of this Complaint as if more fully set forth herein.

24. Defendant Razor designed, manufactured, distributed, and sold the scooter that caused Plaintiff's severe and permanent injury and at the time said scooter was manufactured and sold by Razor, said scooter was in a defective condition and was unreasonably dangerous in that the edges of the foot platform was sharp and dangerous and posed a laceration hazard.

25. Defendant Razor had a duty to design and manufacture a scooter to be free from sharp edges that posed a laceration hazard, and had a duty to manufacture a scooter to be reasonably safe when put to the scooter's ordinary use.

26. Defendant Razor failed to use ordinary care to design and manufacture the scooter that caused Plaintiff N.S.' severe and permanent injury to be free from being in a dangerous condition in that the foot platform posed a laceration hazard to a person using the scooter in its ordinary use.

27. As a direct result of such failure in the design and manufacture of the scooter that caused Plaintiff N.S.' severe and permanent injury, Plaintiff N.S. sustained those injuries and damages as previously set forth herein.

28. As a result of the foregoing, Plaintiff N.S. was damaged in a sum which exceeds the jurisdictional limits of all other or lower courts which would otherwise have jurisdiction, but at least in excess of $75,000.00.

## FOURTH CAUSE OF ACTION

29. Plaintiff N.S., adopts and incorporates by reference herein the allegations contained in Paragraphs 1 through 28 of this Complaint as if more fully set forth herein.

30. Defendant Razor designed, manufactured, distributed, and sold the scooter that caused Plaintiff's severe and permanent injuries and at the time said scooter was manufactured and sold by Razor, said scooter was in a defective condition and was unreasonably dangerous in that the foot platform was sharp and dangerous and posed a laceration hazard to a person using such a scooter in a normal and anticipated manner.

31. Defendant Razor failed to use ordinary care to adequately warn as to the risk of harm the sharp edges of the metal foot platform can cause and as a direct result of such failure to warn, Plaintiff N. S. was seriously and permanently injured.

## DEMAND FOR TRIAL BY JURY

32. Plaintiff, N.S., hereby respectfully requests a trial by jury for all claims and issues in her Complaint.

**WHEREFORE**, Plaintiff N.S. demands judgment against the Defendant in a sum which exceeds the jurisdictional limits of all other or lower courts which would otherwise have jurisdiction, but at least in excess of $75,000.00, together with the costs and disbursements of this action.

Dated: Brooklyn, New York
May 18, 2018

**LAW OFFICE OF ALAN J. SASSON, P.C.**

By: /s/ Alan J. Sasson
Alan J. Sasson, Esq.
*Attorneys for Plaintiff N.S.*
5300 Kings Highway
Brooklyn, New York 11234
(718) 339-0856